IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FALANDEZ MONROE JAMES** <br> *Petitioner* <br> <br> v. <br> <br> **SUPERINTENDENT MICHAEL CLARK**, *et al.* <br> *Respondents* | : CIVIL ACTION <br> : <br> : NO. 16-3688 <br> : <br> : <br> : <br> : <br> : |

# O R D E R

**AND NOW**, this 12th day of December 2016, upon careful and independent consideration of the pleadings and record herein, and after review of the *Report and Recommendation* issued on November 16, 2016, by the Honorable Thomas J. Rueter, United States Magistrate Judge, [ECF 8], it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**,[1] as corrected;

---

[1] On July 7, 2016, Petitioner Falandez Monroe James ("Petitioner") filed a petition for writ of *habeas corpus*, [ECF 1], which was subsequently referred to the Honorable Thomas J. Rueter, United States Magistrate Judge, for a *Report and Recommendation*. [ECF 3]. On November 16, 2016, the *Report and Recommendation* was filed, which included a Notice to all parties advising them, including Petitioner, of the fourteen-day period in which to file timely objections, commencing on the date of service of the Notice of the filing of the *Report and Recommendation*. [ECF 8-1].

As of the date of this Order, more than fourteen (14) days have passed, and Petitioner has not filed any objections to the *Report and Recommendation*. Therefore, Petitioner is barred from attacking on appeal the factual and legal findings of the Magistrate Judge that are accepted by this Court, except on grounds of plain error.

This Court carefully examined the *Report and Recommendation* under the review standard of "plain error," *e.g.*, *Rice v. State of Pennsylvania*, 2016 WL 3181903, at *1 n.2 (E.D. Pa. June 8, 2016), to ascertain whether the Magistrate Judge committed an error that was (1) "clear or obvious," (2) "affect[ed] 'substantial rights,'" and (3) "seriously affected the fairness, integrity or public reputation of judicial proceedings." *See Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007). As a result of this review, this Court finds that the Magistrate Judge, in his well-reasoned *Report and Recommendation*, did not commit any clear or obvious error that affected any substantial rights of Petitioner or that seriously affected the fairness, integrity or public reputation of the judicial proceeding. Therefore, the *Report and Recommendation* is adopted, however, with one correction; to wit: the conclusory recommendation that the petition be dismissed as time-barred.

In the response to the petition for writ of *habeas corpus*, the District Attorney of Chester County ("Respondent") argued, *inter alia*, that the petition was untimely and, therefore, barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). [ECF 7 at 9-12]. The Magistrate Judge rejected

2. Petitioner's petition for a writ of *habeas corpus* is **DISMISSED**; and

3. A certificate of appealability is **DENIED**.

The Clerk of Court is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

this timeliness argument, thoroughly discussed the applicable statute of limitations, and calculated that the time to file the petition would have expired on July 8, 2016, and that Petitioner filed his petition, under the mailbox rule, on June 27, 2016. [ECF 8 at 3-5 n.2]. Thus, the petition was filed timely. Despite this careful analysis, and after addressing Petitioner's five claims, the *Report and Recommendation* concluded that the petition should be dismissed as time-barred. (*Id.* at 31). This is clearly a drafting or typographical mistake, and does not undercut the Magistrate Judge's well-reasoned detailed analysis of each of Petitioner's claims, and his recommendation that each claim be dismissed as meritless or procedurally defaulted. Consequently, this Court adopts the *Report and Recommendation* with the noted correction and finds no merit to any of Petitioner's claims for the reasons set forth in the report.